UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JASON BELL, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No.: 3:18-cv-217-TAV-HBG ) |
| DAVID RAY, TERRESA JOHNSON, and LARRY MARTIAN, | ) ) ) ) |
|     Defendants. | ) ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Jason Bell ("Plaintiff"). Upon initial review of Plaintiff's motion to proceed *in forma pauperis* [Doc. 3], the Court issued a deficiency order notifying Plaintiff that he had neither paid the filing fee nor submitted the proper documents required to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) [Doc. 4]. Plaintiff was warned that unless he either paid the full filing fee or submitted the appropriate *in forma pauperis* documentation, properly signed and completed, within thirty days of entry of the deficiency order, the Court would presume that he is not a pauper, assess the full filing fee, and dismiss the case for failure to prosecute [Doc. 4 pp. 1-2].

The deficiency order was entered on January 11, 2019, and was mailed to Plaintiff's listed address at the Claiborne County Jail [Doc. 4]. On January 23, 2019, that mail was returned as undeliverable and unable to be forwarded because Plaintiff is no longer there

[Doc. 5]. Plaintiff has not provided the Court with an updated address as required under the Local Rules. *See* E.D. Tenn. L.R. 83.13.

More than thirty days have passed since the entry of the deficiency order and Plaintiff has failed to pay the fee, submit the appropriate documentation, or otherwise respond to that order in any way. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **DENIED** and Plaintiff will be **ASSESSED** total court fees in the amount of four hundred ($400.00) dollars, consisting of a filing fee of three hundred fifty dollars ($350.00), and an administrative fee of fifty dollars ($50.00). *See* 28 U.S.C. § 1914(a); Judicial Conference of the United States, District Court Miscellaneous Fee Schedule # 14 (effective September 1, 2018). The Clerk is **DIRECTED** to forward a copy of this opinion to the Court's financial deputy.

In addition, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED** for want of prosecution and for failure to comply with the Court's deficiency order and the local rules of court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Dismissal under Fed. R. Civ. P. 41(b) may be *sua sponte*. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In determining whether involuntary dismissal is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's order is due to his own willfulness and fault. Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the record shows that the deficiency order was mailed to Plaintiff at his last reported address [Doc. 4] and was returned as undeliverable [Doc. 5]. Moreover, Plaintiff failed to notify the Court of his address change in violation of Local Rule 83.13.

The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The deficiency order set a clear and firm deadline for Plaintiff to follow. He nevertheless failed to adhere to that deadline, in violation of both the local rules and the order itself. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that, because service was never issued, Plaintiff's failure to comply with the deficiency order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that his case would be dismissed if he failed to comply with the deficiency order within the allotted timeframe [Doc. 4 at 1–2]. The docket further reflects that the requirements of Local Rule 83.13 were mailed to Plaintiff on March 9, 2018, and there is no indication in the record that he did not receive that notice. As a result, Plaintiff's failure to comply with the deficiency order despite being placed on notice of the consequences of non-compliance also weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. Plaintiff failed to respond to the Court's order, has not provided an updated address, and otherwise has failed to monitor or pursue this action in any way since filing his application to proceed *in forma pauperis* on May 8, 2018 [Doc. 3]. Any further attempt to prod Plaintiff into compliance through the imposition of a lesser sanction than dismissal would appear to be futile.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of the dismissal of this action. Accordingly, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED with prejudice** for want of prosecution and for failure to comply with the Court's orders and the local rules of court. *McGore*, 114 F.3d at 605 (if prisoner does not comply with a deficiency order, the district court must presume he is not a pauper, assess the full amount of fees, and must order the case dismissed for want of prosecution).

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not

4

be taken in good faith and would be totally frivolous. Therefore, any application by Plaintiff for leave to proceed *in forma pauperis* on appeal will be **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE